EDWARD KRAVIS, PROSECUTOR, v. ALFRED E. DRISCOLL, ESQ., COMMISSIONER OF ALCOHOLIC BEVERAGE CONTROL OF THE STATE OF NEW JERSEY, RESPONDENT.

Argued May 8, 1946—Decided September 17, 1946.

Before Justices Bodine, Perskie and Wachenfeld.

For the prosecutor, *Irving I. Jacobs.*

For the respondent, *Walter D. Van Riper* and *Samuel B. Helfand.*

The opinion of the court was delivered by

Wachenfeld, J.    The Alcoholic Beverage Control Act, amongst other things, provides (*R. S.* 33:1–25) : "No license of any class shall be issued to any individual who is an alien; * * * to any person who has been convicted of a crime involving moral turpitude" and (*R. S.* 33:1–26) "No person who would fail to qualify as a licensee under this chapter shall be knowingly employed by or connected in any business capacity whatsoever with a licensee."

The prosecutor was indicted in the Atlantic Oyer and Terminer Court for the offenses of aiding and abetting in lewd and lascivious entertainment.  He retracted a plea of not guilty to that indictment and entered a plea of *nolo contendere.*  The prosecutor contends that such a plea is not equivalent to a "conviction" so as to come within section 33:1–25, and relies upon the case of *Schireson* v. *State Board of Medical Examiners,* 130 *N. J. L.* 570.  The *Schire-*

*son* case in this respect seems to be both applicable and controlling. At least it presents an arguable question.

The respondent contends that the Commissioner's action was merely an opinion and was, therefore, not subject to review by *certiorari,* relying upon *Newark* v. *Fordyce,* 88 *N. J. L.* 440, and other cases.

The record shows the opinion and recommendation in the Commissioner's office was "APPROVED—Applicant is ruled ineligible as determined herein. ALFRED E. DRISCOLL, Commissioner."

The letter addressed to the prosecutor by the Commissioner under date of February 21st, 1946, advises him that the Commissioner has "ruled," and refers to the opinion and recommendation as a "decision in your case." In addition to the question raised by the *Schireson* case there is also an arguable question as to whether or not this disposition by the Commissioner is subject to review by *certiorari.* *O'Connell* v. *Bayonne,* 4 *N. J. Mis. R.* 708.

The writ is granted, without stay.